THORSEN, GRAY & SMITH v. ISMAN.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

SALES (§ 178*)—PERFORMANCE OF CONTRACT—DELIVERY AND ACCEPTANCE OF GOODS.

Where, after fittings and alterations occupying six months, during which defendant made frequent and vigorous expressions of dissatisfaction, the five suits ordered by him were given a final alteration and delivered to him, after which nothing was heard from him, nor did he pay the bills, his action was an acceptance, and he could not complain of their fit, as he should either have sent them back or notified plaintiffs of his rejection if they did not fit.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 451, 455; Dec. Dig. § 178.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Thorsen, Gray & Smith against Felix Isman.   From a judgment for defendant, after a trial by the judge without a jury, plaintiffs appeal.   Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Daly, Hoyt & Mason, of New York City (Joseph V. Gallagher, of New York City, of counsel), for appellants.

August Dreyer, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. Defendant ordered five suits of clothes to be made for him by plaintiffs. The fittings and alterations in these clothes occupied some six months, during which there were frequent and vigorous expressions of dissatisfaction by the defendant. At the end of June, however, the suits were taken back by plaintiffs and altered to the best of their ability, to accord with the suggestions and criticisms of defendant. They were then delivered to defendant in the middle of July, after which nothing further was heard from him, nor did he pay the bills, which were repeatedly sent to him by the plaintiffs, who then sued for the purchase price.

It is difficult to understand how anything but an acceptance by the defendant can be spelled out of this state of facts. It may well be, as the learned trial judge pointed out, that the clothes did not and do not now fit as they should; but in that event defendant should have either sent them back or notified plaintiffs of his rejection, when they were finally delivered to him. In the absence of such notification, expressed or even implied, a delivery was established, and plaintiffs should have had judgment.

The judgment is reversed, and a new trial granted, with costs to appellants to abide the event.